SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEFINA KAREN CONDE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.<br><br>[Los Angeles County Sup. Ct. Case No. 25STCV21772]<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. Section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is proper based on the following grounds:

**BACKGROUND**

1. On or about July 29, 2025, Plaintiff Josefina Karen Conde ("Plaintiff") filed a Complaint against Wells Fargo in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV21772 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Wells Fargo. Specifically, Plaintiff brings claims for (1) interference with pregnancy disability leave rights, (2) disability discrimination, (3) failure to engage in the interactive process, (4) failure to provide reasonable accommodations, (5) retaliation for requesting reasonable accommodations, (6) interference with CFRA leave rights, (7) retaliation under CFRA in violation of FEHA, and (8) wrongful termination.

**TIMELINESS OF REMOVAL**

3. On or about July 31, 2025, Plaintiff served Wells Fargo with a Summons and copy of the Complaint. A true and correct copy of the Summons is attached hereto as **Exhibit B**.

-1-

SMRH:4908-6624-4448.2                                      DEFENDANT'S NOTICE OF REMOVAL

4.     On August 21, 2025, Wells Fargo answered the Complaint in state court.  A true and correct copy of the Answer is attached hereto as **Exhibit C**.

5.     This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable.  28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. SECTION 1332(a)

6.     **Plaintiff's Citizenship:**  Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California.  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff has always been a citizen of California.[1]  Specifically, Plaintiff owns a primary residence in California, has a registered motor vehicle with California, has a California Driver's License, is registered to vote in California, and pays income taxes in California.  Plaintiff therefore is, or was at the institution of this civil action, a citizen of California.

7.     **Wells Fargo's Citizenship:** Wells Fargo is not a citizen of California.  Pursuant to 28 U.S.C. section 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where its main office is "located."  As held by the Ninth Circuit, Wells Fargo Bank, N.A., with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota.  *See Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located").  Accordingly,

---

[1]     Complaint ¶ 3 ("At all relevant times, Ms. Conde has been a resident of the State of California and the County of Los Angeles.").

-2-

Wells Fargo Bank, N.A. is only a citizen of South Dakota and not California for diversity purposes.  Thus, complete diversity exists here.

8. **Doe Defendants:** Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 20 does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. sections 1332(a).

10. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Wells Fargo is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Further, a removing defendant need not set forth evidence establishing the amount in its notice of removal.  *See Dart Cherokee*, 135 S.Ct. at 554; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements"), *citing Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Wells Fargo can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum.  *Singer*, 116

-3-

F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.  In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy.  *Id.*

11.     The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added).  "In assessing the estimated amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *3 (C.D. Cal. Mar. 3, 2015).

12.     In her Complaint, Plaintiff expressly states she is seeking at least $1,000,000 in damages.  This allegation alone is sufficient to establish that there is more than $75,000 in controversy.  In any event, Wells Fargo breaks down the specific amounts at issue here to further establish the amount in controversy is easily met here.

13.     **Alleged Lost Wages:**  Plaintiff alleges that as a result of Wells Fargo's conduct, she is entitled to recover her lost wages since her alleged discharge.[2]  At the time of Plaintiff's alleged discharge, Plaintiff earned approximately $88,700 per year as a Branch Manager.  She pleads that her employment ended on March 14, 2025.[3]  Assuming it takes approximately one year by the time this matter is resolved by trial, Plaintiff's claimed lost earnings will exceed $125,000 at the time of trial.  Plaintiff could also recover front pay which

---

[2]     *See* Complaint generally and prayer for relief.

[3]     Complaint, ¶ 27.

could easily exceed another $125,000 that could be awarded by the jury if Plaintiff were to prevail at trial. Simply, these figures alone exceed $75,000 and therefore the amount in controversy is easily met. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (finding that the amount in controversy "easily exceeds" $75,000 when the plaintiff's salary was $39,000 per year and she would have continued working if she had not been terminated).

14. **Emotional Distress Damages**: In addition, Plaintiff alleges that, as a result of Wells Fargo's alleged conduct toward her, she is entitled to emotional distress damages.[4] The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in an employment case like this one. *See, e.g.*, *Wang v. Reese Scientific Corp.*, San Francisco Superior Court Case No. CGC-13-528233 (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of L.A.*, Los Angeles Superior Court Case No. BC341480 (awarding $100,000 in emotional distress damages on discrimination and retaliation claims). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here exceeds $75,000.

---

[4] *See* Complaint generally and prayer for relief.

-5-

DEFENDANT'S NOTICE OF REMOVAL

15.   **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees.[5]  A prevailing party on FEHA claims may be awarded attorneys' fees.  Cal. Gov't Code §12965(b).  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The Ninth Circuit has clarified that this must include all attorney's fees ***likely to be incurred through trial of an action***.  *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.  Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect.").  One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100 – 300 hours.  *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015).  Those assumptions would lead to an attorney's fee award of between $30,000 and $90,000.  *Id.*  If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

16.   **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages.[6]  Punitive damages should be considered when determining the amount in controversy.  *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply

---

[5]   *See* Complaint generally and prayer for relief.

[6]   *See* Complaint generally and prayer for relief.

DEFENDANT'S NOTICE OF REMOVAL

demonstrate the potential for large punitive damage awards in employment discrimination cases."). A conservative estimate for a potential punitive damages recovery is $50,000.

17. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

## VENUE

18. Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

## NOTICE OF REMOVAL

19. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

20. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as the following exhibits, including the Complaint (**Exhibit A**), Summons (**Exhibit B**), and Answer to the Complaint (**Exhibit C**).

**WHEREFORE**, Wells Fargo requests that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

SMRH:4908-6624-4448.2                                    DEFENDANT'S NOTICE OF REMOVAL

Dated:  August 25, 2025        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By                    /s/ Paul Berkowitz
                      PAUL BERKOWITZ
                    Attorneys for Defendant
                  WELLS FARGO BANK, N.A.

-8-